# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERO BIONDI, et al.,                            ) | 1:06cv01150 AWI DLB |
|                                                  ) | |
|                                                  ) | ORDER VACATING HEARING DATE |
|               Plaintiffs,                        ) | FOR PLAINTIFFS' MOTION TO REMAND |
|                                                  ) | AND STAYING ACTION |
|       v.                                         ) | |
|                                                  ) | |
| GUIDANT CORPORATION, et al.,                     ) | |
|                                                  ) | |
|                                                  ) | |
|               Defendants.                        ) | |
|                                                  ) | |

      On June 15, 2006, Plaintiffs Piero Biondi, Trent Mobley and Paradisa Ruffoni, individually and as successor in interest to decedent Frank Ruffoni ("Plaintiffs") filed the instant products liability action in Fresno County Superior Court.  Defendants Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers, Inc., and Boston Scientific ("Defendants") removed the action to this Court on August 28, 2006, based on this Court's diversity jurisdiction.  Defendants contend that Plaintiffs fraudulently joined Resident Defendants St. Agnes Medical Center and Fresno Community Hospital and Medical Center in an effort to destroy diversity.

      Plaintiffs filed a motion to remand the action on September 7, 2006.

      Defendants urge the Court to defer ruling on Plaintiffs' motion and to allow the Multidistrict Litigation Panel No. 1708, <u>In re Guidant Corp. Implantable Defibrillators Product Liability Litigation</u> ("MDL") to resolve the remand issue.  On October 6, 2006, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order ("CTO") ordering the conditional

1  transfer of this action to the MDL proceedings.
2       Accordingly, pursuant to the CTO, and because the Court finds that the MDL is just as
3  well situated as this Court to determine the remand issue, the Court VACATES the October 13,
4  2006, hearing date set for Plaintiffs' motion to remand and STAYS the instant action pending
5  notice from the MDL or the parties as the transfer status.  If it becomes necessary to hear the
6  motion to remand at a later date, the parties may file an amended notice of hearing resetting the
7  motion on the Court's calendar.

9       IT IS SO ORDERED.
10      Dated:   **October 20, 2006**          /s/ **Dennis L. Beck**
        3b142a                                 UNITED STATES MAGISTRATE JUDGE